In the Matter of the Claim of MARGARET WARD, Respondent, against FIFTH AVENUE BUILDING COMPANY, and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of LEO DELARM, Respondent, against MALONE BRONZE POWDER WORKS and COAL MERCHANTS MUTUAL INSURANCE COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of JOSEPH CURRY, Respondent, against PRUDENCE BONDS CORP. and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of VINCENT LARAC, Respondent, against MUNSON STEAMSHIP LINES and ROYAL INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The claimant in this case was injured on March 9, 1926, while employed as an elevator operator. His injury required the amputation of his left thumb. The employer paid all of his medical and hospital expenses, and his full wages during the period of six or seven weeks when he was disabled. He then returned to his regular work and continued in this employment at the same wage rate until August 1, 1938. On June 13, 1938, he filed a claim for compensation and on October 14, 1939, an original award was made for 100 per cent permanent loss of the left thumb. This award was made against the employer and carrier. They contend that it should have been made against the Special Fund under section 25-a of the Workmen's Compensation Law because at the time the award was made seven years had elapsed since the date of the injury, and three years had elapsed from the date of the last payment of compensation, assuming that payment of medical expenses and wages during the period of disability was an advance payment of compensation. We think appellants' contention is correct and that the award should have been made against the Special Fund. There is no evidence to sustain the finding made by the State Industrial Board that the employer or carrier failed to file a report of the injury, nor do the facts justify a finding that payment of claimant's wages after he returned to his regular employment constituted an advance payment of compensation. Award and decision reversed, with costs, and the matter remitted to the State Industrial Board for action in conformity herewith. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur